United States District Court
for the District of Columbia

| | |
|---|---|
| Queenie Faison, an individual,<br>13101 Venango Rd.<br>Ft. Washington, MD  20744 | )<br>)   Civil Action No.<br>) |
| Plaintiff, | |
| v. | |
| Robert C. Tapella, Public Printer of<br>    the United States<br>U. S. Government Printing Office<br>North Capitol St. and H St., N.W.<br>Washington, D.C. | |
| Defendant. | |
| Serve: | |
| Robert C. Tapella<br>U. S. Government Printing Office<br>North Capitol St. and H St., N.W.<br>Washington, D.C.  20401 | |
| United States Attorney<br>555 4th St., NW<br>Washington, DC  20001 | |
| U.S. Attorney General<br>Department of Justice<br>950 Pennsylvania Ave., NW<br>Washington, DC  20530 | |

**COMPLAINT FOR DISCRIMINATION IN EMPLOYMENT
ON THE BASIS OF DISABILITY, RACE, AGE, SEX,
AND FOR RETALIATION**

Plaintiff, Queenie Faison, for her complaint against Defendant Robert C. Tapella, alleges:

1

1. This is an action for race, color, and sex discrimination in violation of the Civil Rights Act of 1964, as amended, pursuant to 42 U.S.C. §§2000e-16 and 2000e-5, disability discrimination under the Rehabilitation Act 29 U.S.C. §791 *et seq.* and/or the Americans with Disabilities Act (ADA) 42 U.S.C. §12101 *et seq.*; age discrimination under the ADEA, 29 U.S.C. §621 *et seq.*; as may be made applicable by 29 C.F.R. §1614.103, Executive Orders 12106 and 11478, and 2 U.S.C. §1301 *et seq.*; and retaliation for engaging in protected activity as defined by some or all of the foregoing statutes. In the alternative, plaintiff alleges that any of the foregoing civil rights laws which are held not to have been applicable to plaintiff's employment at the time of the events alleged herein should be applied retroactively as and when made applicable by act of Congress or decisional law.

2. This court has jurisdiction over this action pursuant to 28 U.S.C. §1346, because it is an action against an agency of the United States, and 28 U.S.C. §1331, because it arises under the laws of the United States enumerated in paragraph 1, above.

3. Venue is proper in the United States District Court for the District of the District of Columbia, pursuant to 28 U.S.C. §1402, because all of the events giving rise to the claim occurred in the District of Columbia.

4. Plaintiff Queenie Faison is an individual who resides in Fort Washington, Maryland. At all relevant times, Ms. Faison was employed by the United States Government Printing Office in Washington, D.C. or in Laurel, Maryland.

5. Defendant Robert C. Tapella is sued in his official capacity as Public Printer of the United States and head of the United States Government Printing Office ("GPO"). GPO is a federal agency that conducts printing and information dissemination operations for, and receives funding from, the federal government. The claims alleged herein arise out of the discrimination

and harassment of Ms. Faison by responsible management officials under Defendant.

6. Plaintiff has exhausted her administrative remedies pursuant to Title VII and the ADA, in that plaintiff submitted to and cooperated fully with the Equal Employment Opportunity counseling procedure which she initiated informal counseling within 45 days of the relevant adverse employment action(s), followed by timely filing of formal administrative complaints, as follows:

a. Agency case no. 06-05, handicap discrimination, which has been pending for more than 180 days without a final agency decision;

b. Agency case no. 06-24, handicap discrimination, which has been dismissed by the Agency as encompassing the same claim as case no. 06-05;

c. Agency case no. 07-04, color, sex and age discrimination, on which the Agency has issued a final agency decision received by plaintiff within the past 90 days, on or about January 30, 2008;

d. Agency case no. 07-10, reprisal for engaging in protected activity, which has been pending for more than 180 days without a final agency decision;

e. Agency case no. 08-02, handicap and age discrimination, which has been pending for more than 180 days without a final agency decision.

f. Additional claims are or may be the subject of pending administrative complaints which have not yet been pending for 180 days, or resolved by a final agency decision. Plaintiff will seek leave of Court, if required, to amend this complaint to allege such additional claims when administrative remedies have been exhausted.

**Facts**

7. The Plaintiff, Queenie Faison, is a woman, and is African American and American Indian, 63 years of age, who, at all relevant times, has been employed as by defendant as a warehouse facilities supervisor, in various positions. Ms. Faison has been employed by defendant in these and other positions for over thirty-seven years.

8. In or about 2002, Ms. Faison suffered a torn meniscus in her right knee. As a result, she had surgery on her right knee on May 5, 2003. She had surgery on the same knee May 5, 1997.

9. Shortly after her surgery, her physician gave permission for her to return to work, but on light-duty only and also as close to her home as possible to minimize her commuting time and the stress it would place on her knee.

10. Delays in accommodating her disability kept her from work until October 22, 2003 when she was provided with a light-duty position in the main GPO office in Washington, DC, which is a light traffic commute of only eighteen miles.

11. On information and belief, actions taken by Albert Troupe (Chief, Workers' Compensation) were the cause of the delay in plaintiff's returning to work.

12. Ms. Faison also had surgery on her left hand and wrist for carpal tunnel syndrome on September 13, 2004.

13. As a result of her multiple orthopedic injuries, in combination with her age, Ms. Faison is substantially limited indefinitely and permanently in several major life activities, including walking, exercise and athletic activity, personal care, housework, carrying, typing and writing, and is therefore is an individual with a disability.

14. Ms. Faison is a qualified individual with a disability, in that, with reasonable accommodation, she is able to perform the essential functions of her position.

15. Following her wrist surgery, Ms. Faison's surgeon gave her permission to return to work starting January 24, 2005. Once again, she was advised only to work in a light-duty capacity. Accordingly, Ms. Faison requested that she be allowed to return to her light-duty position, or another position that would reasonably accommodate her disabilities.

16. Mr. Troupe denied Ms. Faison's request, disregarded her surgeon's orders, and told Ms. Faison that the only position available to her was in GPO's Laurel, Maryland facility. Mr. Troupe told Ms. Faison that her previous light-duty position in Washington D.C. was no longer available.

17. The Laurel, Maryland facility is thirty-six miles from Ms. Faison's home, in heavy traffic. The long commute, over an extended period of time, places undue stress on her knee and impedes her rehabilitation.

18. Administrative delays prevented Ms. Faison from returning to work until April 14, 2005. Having been offered no other option, Ms. Faison commenced work at the Laurel, Maryland facility.

19. Because of these delays her Worker's Compensation benefits were terminated effective March, 2005. As a result, Ms. Faison has incurred out of pocket expenses for medical treatment and therapy, and ultimately she was forced to discontinue therapy.

20. Ms. Faison requested accommodation of the disabling condition in her left wrist. GPO discussed with her the possibility of providing voice-activated computer equipment to reduce the stress on her wrists. To date, Ms. Faison has not received this equipment. As a result of GPO's failure to accommodate Ms. Faison's wrist injury, this condition has been aggravation

and its recovery has been impeded.

21. Ms. Faison's physician instructed that her work should be limited six hours per day, on a schedule of 9:00 a.m. to 3:30 p.m., because of the extended and unreasonably long commute to the Laurel facility. Janet McCaskill, then Ms. Faison's supervisor, made a work schedule agreement with Ms. Faison to accommodate this instruction. Notwithstanding the agreement of her supervisor, Mr. Troupe and/or other GPO officials determined that Ms. Faison was to be charged with leave if she failed to report to work by 7:30 a.m. daily. She has been warned that failing to report promptly at 7:30 a.m. will result in being charged with leave. GPO has charged Ms. Faison with leave because of her inability to report to work at 7:30 a.m. nearly every day from May 14, 2005 through the present.

22. In May, 2005, Ms. Faison was appointed Acting Chief of the Warehouse Division, and later was given a permanent appointment to the position. Ms. Faison was assigned additional duties, which would have supported a promotion to grade PG-13, but was never promoted, and remained at grade PG-12.

23. Ms. Faison was given a performance evaluation for 2005 in which she was downgraded and discredited. On information and belief, this was done in retaliation for Ms. Faison's protected activity, including complaining of discrimination and attempting to secure reasonable accommodation of her disabilities.

24. Ms. Faison submitted a further request for reasonable accommodation on or about December 12, 2006, which was denied.

25. Albert Troupe, Janet McCaskill, Lisa Williams and Kevin O'Toole, all responsible management officials of GPO, have in various ways subjected Ms. Faison to a pattern of harassment, in retaliation for Ms. Faison's EEO complaints and attempts to obtain

accommodation of her disabilities, including unreasonable and unnecessary scrutiny of her work and activities, increased responsibilities and administrative burdens, forcing her to take leave, demeaning and degrading communications, and slander.

26. Ms. Faison was subjected to specific additional harassment and adverse treatment in 2007 when her travel reimbursement requests were scrutinized differently from those of other employees, and when she was denied the opportunity to work overtime to supervise the work of her staff, all of whom were permitted and required to work overtime for the convenience of GPO.

**First Claim for Relief - Retaliation**

27. Plaintiff incorporates by reference the allegations of paragraphs 1 through 26 as though fully set forth here.

28. Plaintiff is informed and believes, and based thereon alleges, that it is the policy of her employer, officially represented to its employees, to comply with and be subject to the Rehabilitation Act and/or the ADA. Ms. Faison, as a federal employee, reasonably believed that she was entitled to a reasonable accommodation, and to complain about disability discrimination, under federal law and the policies of GPO.

29. GPO, acting through its responsible management officials, retaliated against plaintiff for engaging in protected activity, specifically attempting to secure for herself reasonable accommodation as provided by the policies of GPO, the Rehabilitation Act and the ADA, and formally complaining about GPO's failure and refusal to provide her with reasonable accommodation, as alleged in paragraphs 6, 15-16 and 20-26.

30. Pursuant to the Rehabilitation Act and §107 of the ADA (42 U.S.C. §12117) as incorporated therein, and the incorporated sections of Title VII (§2000e-3), 2 U.S.C. §1301 *et seq.*, Executive Orders 12106 and 11478, and other provisions of federal law, GPO's retaliation against plaintiff was and is unlawful.

31. Plaintiff has been by GPO's unlawful retaliation, in that she has received a performance evaluation lower than she deserved, and has been injured in her compensation and advancement, and has suffered aggravation of her physical condition and emotional distress and upset.

### Second Claim for Relief - Race/Color Discrimination

32. Plaintiff incorporates by reference the allegations of paragraphs 1 through 26 as though fully set forth here.

33. Plaintiff is informed and believes, and based thereon alleges, that GPO has taken the adverse actions against her, alleged in paragraphs 15-16 and 20-26, above, substantially motivated by her race and color.

34. Plaintiff has been injured by GPO's unlawful discrimination, in that she has received a performance evaluation lower than she deserved, and has been injured in her compensation and advancement, and has suffered aggravation of her physical condition and emotional distress and upset.

### Third Claim for Relief - Sex Discrimination

35. Plaintiff incorporates by reference the allegations of paragraphs 1 through 26 as though fully set forth here.

36. Plaintiff is informed and believes, and based thereon alleges, that GPO has taken the adverse actions against her, alleged in paragraphs 15-16 and 20-26, above, substantially motivated by her sex.

37. Plaintiff has been injured by GPO's unlawful discrimination, in that she has received a performance evaluation lower than she deserved, and has been injured in her compensation and advancement, and has suffered aggravation of her physical condition and emotional distress and upset.

**Fourth Claim for Relief - Age Discrimination**

38. Plaintiff incorporates by reference the allegations of paragraphs 1 through 26 as though fully set forth here.

39. Plaintiff is informed and believes, and based thereon alleges, that GPO has taken the adverse actions against her, alleged in paragraphs 15-16 and 20-26, above, substantially motivated by her age.

40. Plaintiff is informed and believes, and based thereon alleges, that it is the policy of her employer, officially represented to its employees, to comply with and be subject to the ADEA, and that the requirements of this Act are made applicable to GPO by 2 U.S.C. §§1301 *et seq.*, Executive Order No. 12106 and No. 11478, Title VII (42 U.S.C. §§2000e *et seq.*), and other provisions of federal law.

41. Plaintiff has been injured by GPO's unlawful discrimination, in that she has received a performance evaluation lower than she deserved, and as a result has been injured in her compensation and advancement, and has suffered aggravation of her physical condition and emotional distress and upset.

.

### Fifth Claim for Relief - Disability Discrimination

42. Plaintiff incorporates by reference the allegations of paragraphs 1 through 26 as though fully set forth here.

43. Plaintiff is informed and believes, and based thereon alleges, that it is the policy of her employer, officially represented to its employees, to comply with and be subject to the Rehabilitation Act and/or the ADA, and that the requirements of these Acts are made applicable to GPO by 2 U.S.C. §§1301 *et seq.*, Executive Order No. 12106 and No. 11478, Title VII (42 U.S.C. §§2000e *et seq.*), and other provisions of federal law.

44. GPO has failed to engage in the interactive process with Ms. Faison to determine her need for accommodation, and has failed to accommodate her. Such failures constitute disability discrimination under the applicable provisions of law.

45. Plaintiff has been injured by GPO's unlawful discrimination, in that she has been impeded in her ability to perform her job, has been injured in her compensation and advancement, and has suffered aggravation of her physical condition and emotional distress and upset.

Wherefore, Plaintiff prays:

1. For injunctive relief, ordering GPO to correct her 2005 performance evaluation, and to promote plaintiff to a grade level commensurate with her performance and duties, and at least to grade PG-13;

2. For back pay representing the differential in pay which Plaintiff would have received had she been promoted according to her performance and duties, including basic pay,

incentive and bonus pay, and benefits, in the amount of at least $25,000, according to proof at trial;

    3. For compensatory damages for emotional and physical injury caused by GPO's discrimination and retaliation;

    4. For reasonable attorneys' fees; and

    5. For such further relief as the Court deems just and proper.

_____/s/_____
Theodore S. Allison (DC Bar #441089)
KARR & ALLISON, PC
1300 19th Street N.W., Suite 401
Washington, DC  20036

Telephone (202) 331-7600
Attorneys for Plaintiff

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38 and Local Rule 38, plaintiff hereby requests a jury trial on any issue under this complaint triable as a matter of right by a jury.

Respectfully submitted this 25th day of April, 2008.

_____/s/_____
Theodore S. Allison (DC Bar #441089)
KARR & ALLISON, PC
1300 19th Street N.W., Suite 401
Washington, DC  20036

Telephone (202) 331-7600
Attorneys for Plaintiff

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

08-714
CKK

**I (a) PLAINTIFFS**
Queenie Faison

88888

**DEFENDANTS**
Robert C. Tapella (U.S. Government Printing Ofc)

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Prince George's
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Theodore S. Allison (D.C. Bar #441089)
Karr & Allison, PC
1300 19th St., N.W. Suite 402
Washington DC 20036    202-331-7600

Case: 1:08-cv-00714
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 4/25/2008
Description: Employ. Discrim.

JURY ACTION

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. *Antitrust***
☐ 410 Antitrust

**○ B. *Personal Injury/Malpractice***
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. *Administrative Agency Review***
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. *General Civil (Other)***    **OR**    **○ F. *Pro Se General Civil***

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255* | ⊗ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. 2000e-16, discrimination and retaliation in employment

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 25,000   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE April 25, 2008    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.