IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUEENIE FAISON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DAVITA VANCE-COOKS, Acting Public Printer, United States Government Printing Office,<br><br>Defendant. | Civil Action No. 08-0714 (CKK) |

## STIPULATION OF SETTLEMENT AND DISMISSAL

IT IS HEREBY AGREED AND STIPULATED by Plaintiff, Queenie Faison ("Plaintiff"), and Defendant, Davita Vance-Cooks, Public Printer, U.S. Government Printing Office ("Defendant," "GPO," or "Agency"), by and through the United States Attorney for the District of Columbia, and their attorneys, that the above-captioned civil action shall be settled and dismissed, with prejudice, on the following terms:

1. <u>Pending Claims:</u>  This Stipulation of Settlement shall represent full and complete satisfaction of all claims arising from the allegations set forth in the Complaint or filed in this action, and any other Administrative claims related to Plaintiff's employment including Agency EEO Complaint Nos. 11-10, 11-15, 11-24, 11-33, 12-05, 12-09, 12-27 or in any forum or which could have been raised up to the date of this Stipulation of Settlement and all claims for costs and attorney's fees arising therefrom.

2. <u>Retirement:</u>  Effective May 4, 2013, Plaintiff shall voluntarily retire from Federal Service, completing all necessary forms provided by Defendant to effectuate such retirement and

submitting them to GPO's Office of Human Capital. Defendant shall timely submit such forms and any other items required to the United States Office of Personnel Management for final determination of her monthly retirement annuity.

3. <u>Settlement Payment for Plaintiff:</u> Defendant hereby agrees to pay Plaintiff the lump sum payment of $134,777. Plaintiff shall cooperate with Defendant's counsel to ensure that all documentation required to process this payment is complete and accurate. Payment shall be made as promptly as practicable, consistent with the normal processing procedures followed by the Department of Justice and the Department of the Treasury, following the dismissal of the above-captioned civil action pursuant to Paragraph 5 hereof.

4. <u>Attorney's Fees:</u> Defendant hereby agrees to pay to Plaintiff's undersigned counsel the total sum of $40,223.00 in attorney fees. This payment shall be made by electronic transfer of funds as specified in instructions provided to Defendant's counsel by Plaintiff's counsel in writing. Plaintiff's counsel shall cooperate with Defendant's counsel to ensure that all documentation required to process this payment is complete and accurate. Payment shall be made as promptly as practicable, consistent with the normal processing procedures followed by the Department of Justice and the Department of the Treasury, following the dismissal of the above-captioned civil action pursuant to Paragraph 5 hereof. This payment is inclusive of Plaintiff's attorney's fees, costs, and other litigation expenses, and Defendant shall have no further liability for those fees, costs, and expenses.

5. <u>Dismissal with Prejudice:</u> Once it is fully executed, Defendant's Counsel may file this Stipulation of Settlement and Dismissal and such filing shall constitute a dismissal of the above-

captioned civil action with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), except that the Court shall retain jurisdiction to enforce the terms hereof.

6. <u>Full Release</u>: This Stipulation provides for the full and complete satisfaction of all claims which have been or could have been asserted by Plaintiff in the above-captioned civil action, including without limitation all claims for compensatory damages, back pay, front pay, costs, attorney's fees, and interest or other compensation for delay, and Plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against Defendant, the Agency, or the United States, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any event complained of therein. Plaintiff hereby fully and forever releases and discharges Defendant, the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which Plaintiff now has, or may have, arising out of or in connection with any event occurring on or before the date on which she has executed this Stipulation, including without limitation any rights or claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Civil Rights Act of 1991 and the Older Workers Benefit Protection Act (OWBPA) of 1990, all as amended and currently in effect. In connection with this release, Plaintiff acknowledges that she is aware that she may hereafter discover rights or claims presently unknown and unsuspected, or facts in addition to or different from those which she now knows with respect to the rights and claims released herein. Nevertheless, Plaintiff agrees, through this Stipulation, to settle and release all such rights and claims; provided, however, that nothing in this Stipulation shall affect: (i) any

3

rights or claims that may arise after the date Plaintiff signs this Stipulation, except for claims involving alleged discriminatory compensation decisions or practices that occurred before the date Plaintiff signs this Stipulation which may affect Plaintiff's future compensation, or (ii) plaintiff's right or entitlement to any retirement, health, or similar employee benefits that are available to present and former Agency employees based on their federal service.

7. <u>No Assignment</u>: Plaintiff represents and warrants that she is the sole lawful owner of all the rights and claims which she has settled and released herein, and that she has not transferred or assigned any of those rights and claims or any interest therein. Plaintiff shall indemnify, hold harmless, and defend Defendant, the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

8. <u>No Admission of Liability</u>: This Stipulation has been entered into by Plaintiff and Defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Stipulation is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses. Without limiting the generality of the foregoing, this Stipulation does not constitute, and shall not be construed as, an admission that Defendant, the Agency, or any of the Agency's present or former employees or agents violated any of Plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by Plaintiff in connection with this case or otherwise. This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against Defendant, the Agency, or the United States or any of its agencies or officials or present or former employees or agents,

either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

9. Tax Consequences: Plaintiff acknowledges that she has not relied on any representations by Defendant or Defendant's employees or agents as to the tax consequences of this Stipulation or any payments made by or on behalf of Defendant hereunder, and that Defendant has not made any such representations. Nothing in this Stipulation shall affect Plaintiff's responsibility for compliance with federal, state, and local tax filing requirements and other obligations arising from this Stipulation that are applicable to her. Plaintiff shall be solely responsible for any tax consequences arising from this Stipulation.

10. Entire Agreement: This Stipulation contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

11. Amendments in Writing: The terms of this Stipulation may not be amended, modified, or waived unless the amendment, modification, or waiver is set forth in a written instrument signed by both parties.

12. Construction: The parties acknowledge that the preparation of this Stipulation was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Stipulation or any term or provision hereof.

13. <u>Headings</u>:  The paragraph headings in this Stipulation have been inserted for convenience of reference only, and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

14. <u>Severability</u>:  The provisions of this Stipulation are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Stipulation.

15. <u>Further Assurances</u>:  Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Stipulation.

16. <u>Right to Cure</u>:  If either Plaintiff or Defendant at any time believes that the other party is in breach of this Stipulation, that party shall notify the other party of the alleged breach. The other party shall then have thirty (30) days to cure the breach or otherwise respond to the claim. The parties shall make a good faith effort to resolve any dispute arising from or regarding this Stipulation before bringing the dispute to the Court's attention.

17. <u>Notices</u>:  Any notice required or permitted to be given pursuant to this Stipulation shall be in writing and shall be delivered by hand, or transmitted by fax or by e-mail, addressed as follows or as each party may subsequently specify by written notice to the other:

|  |  |
|---|---|
| If to Plaintiff: | Theodore S. Allison<br>Karr & Allison, P.C.<br>1250 Connecticut Avenue, NW, Suite 200<br>Washington, DC 20036<br>(202) 331-7600<br>Fax: (202) 618-6211<br>Email: tsallison@karrallison.com |
| If to Defendant: | Thomas Kelly<br>Assistant General Counsel<br>U.S. Government Printing Office<br>Office of General Counsel, Mail Stop GC<br>732 N. Capitol St., NW<br>Washington, DC 20401<br>Phone: 202/512-0036<br>Fax: 202/512-0076<br>Email: tkelly@gpo.gov |
| with copy to: | Wyneva Johnson<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>555 4th Street, N.W., Rm. E4106<br>Washington, D.C. 20530<br>Fax: (202) 514-8780<br>Wyneva.Johnson@usdoj.gov |

18. <u>Execution</u>: This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile or other duplicate of a signature shall have the same effect as a manually-executed original.

19. <u>Governing Law</u>: This Stipulation shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

20. <u>Older Workers Benefit Protection Act OWBPA Compliance</u>.  Plaintiff shall have twenty-one (21) days, commencing on April 23, 2013 to consider the terms of this Stipulation. If plaintiff chooses to sign this Stipulation before this 21-day consideration period has elapsed, plaintiff acknowledges that her decision to accept such a shortening of the period is knowing and voluntary, and has not been induced by any threat, promise, or other representation attributable to defendant or defendant's employees or agents, including without limitation any threat to withdraw or alter any of the terms hereof prior to the expiration of the 21-day consideration period.  Plaintiff may revoke her agreement to this Stipulation during the seven (7) calendar day period following her execution hereof.  Such revocation must be in writing and delivered to defendant's counsel on or before the seventh calendar day after the date on which plaintiff signs this Stipulation.   Plaintiff is advised to consult with an attorney prior to signing this Stipulation. By his signature below, plaintiff's counsel represents that: (i) he has served as plaintiff's attorney with respect to this matter; (ii) he has examined this Stipulation and has discussed its terms with plaintiff; and (iii) he believes that the requirements set forth in 29 U.S.C. § 626(f)(1)(A) - (G) have been fully satisfied in connection with this settlement agreement.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Stipulation on the dates shown below.

*[Signature]*
QUEENIE FAISON
Plaintiff

Date: May 2, 2013

*[Signature]*
THEODORE S. ALLISON
KARR & ALLISON, P.C.
D.C. Bar # 441089
1250 Connecticut Avenue, NW, Suite 200
Washington, DC 20036
(202) 331-7600

Date: 5/2/13

RONALD C. MACHEN JR., D.C. Bar # 447889
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: *[Signature]*
WYNEVA JOHNSON, D.C. Bar #278515
Assistant United States Attorney
555 Fourth St., N.W., Rm. E4106
Washington, D.C. 20530
wyneva.johnson@usdoj.gov

Date: 5/10/2013

SO ORDERED on this ____ day of _____, 2013.

_____
UNITED STATES DISTRICT JUDGE